UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| ANTHONY POCHIRO and BARBARA KUHNS on behalf of themselves and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>SPIRIT AIRLINES, INC.,<br><br>  Defendant. | CASE NO. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Anthony Pochiro and Barbara Kuhns ("Plaintiffs") file this class action complaint ("Complaint") on behalf of themselves and all others similarly situated, by and through the undersigned attorneys, against Spirit Airlines, Inc. (hereinafter "Spirit" or "Defendant"), and states as follows:

**I.   Nature of the Action**

1.   Spirit is a discount airline that offers its customers low fares with no frills. Spirit allows and encourages customers to purchase additional a la carte services. Specifically, during the period relevant to this Complaint, Spirit encouraged customers to upgrade their flight to include Spirit's "Shortcut Boarding." Spirit represented to its customers that purchasing the upgrade allowed customers priority boarding. The cost for the "Shortcut Boarding" upgrade was $11.98. During the COVID-19 pandemic, however, Spirit knew that due to state and federal health regulations, it would be unable to allow the early boarding privileges it advertised. Yet even in January of 2021, nine months into the pandemic, Spirit continued to market and sell the

upgrade packages and collect money for services that it knew that it could not and would not provide. This case seeks refunds for the thousands of customers duped by Spirit's unfair and deceptive business practice.

## II.     Jurisdiction and Venue

2. As a result of regularly conducting business, promoting and/or selling, either directly or indirectly through third parties or related entities to consumers throughout the state of Florida, Defendant obtained the benefits of the laws of Florida.

3. The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(d), because there are at least 100 Class members in the proposed Class, the combined claims of proposed Class members exceed $5,000,000.00 exclusive of interest and costs, and at least one Class member is a citizen of a state other than Defendant's state of citizenship.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because most of the events or omissions giving rise to Plaintiffs' claims occurred in this District and Defendant is subject to personal jurisdiction in this District. Additionally, pursuant to 28 U.S.C. § 1391(d), Spirit is subject to personal jurisdiction in the Southern District because its principal place of business is located in the Southern District of Florida

## III.     The Parties

5. Plaintiffs Pochiro and Kuhns are citizens of Ohio and were residents of Ohio at all times relevant to this action.

6. Spirit is incorporated in Delaware and headquartered in Miramar, Florida and is a corporate citizen of both Delaware and Florida.

### IV. Factual Allegations

#### A. Shortcut Boarding

7. Spirit Airlines is a budget airline that offers very low basic fares. Spirit attempts to make up for these low fares by offering consumers the opportunity to contract for further amenities or services. Bag fees, seat selection, and food and beverage fees are just a few of the ways that Spirit uses add on fees to increase its profit margin.

8. "Shortcut Boarding" is Spirit's proprietary upgrade that allows passengers to board in Zone 2, ahead of most other passengers.

9. Shortcut Boarding allows passengers to avoid waiting in the long boarding line and allows them to board the plane, find their seats and get settled while the plane is relatively empty.

10. During the COVID-19 pandemic, various state, federal, and local regulations made Shortcut Boarding either impracticable or illegal. Yet nine months into the pandemic, Spirit continued to sell Shortcut Boarding as an option and retain the money it charged from these sales.

11. Plaintiffs Pochiro and Kuhns purchased Spirit's Shortcut Boarding option for $11.98 when booking their flights from Fort Lauderdale, FL to Cleveland, OH on Spirit's website,www.spirit.com on December 14, 2020.

12. Plaintiffs' flights relevant to this Complaint were all departing from the Fort Lauderdale-Hollywood International Airport.

13. The billing statements they received from Spirit showed the Shortcut Boarding charge as $11.98 (for both travelers).  Likewise, the confirmations and the boarding passes sent by Spirit confirmed that the Plaintiffs had booked with the "Shortcut Boarding" option and noted

that they would board in "Zone 2."

14. When it came time to board their flight, however, Mr. Pochiro and Ms. Kuhns were told by Spirit employees that they would not be allowed priority boarding in Zone 2 because of COVID-19 safety measures.

15. Upon information and belief, Spirit's failure to provide Shortcut Boarding is not limited to Fort Lauderdale-Hollywood International Airport. Instead, it is Spirit's systematic company-wide practice to repeatedly enter into agreements and to have customers pay for its Shortcut Boarding option even where the airport the customer is traveling from does not actually provide the service.

16. Therefore, this is a simple class action case about Spirit's methodical, common, unfair and deceptive business practice of offering and selling "advanced boarding" benefits when in fact, Spirit knew that it would be unable to provide them.

17. This practice violates the Florida Deceptive and Unfair Trade Practices Act FLA. STAT. § 501.201, *et seq* and in breach of the Shortcut Boarding contract Spirit possesses with Plaintiffs. Specifically, it was an unfair and deceptive practice for Spirit to enter into a Shortcut Boarding contract with consumers when Spirit knew that it would not or could not actually provide that service, and subsequently keep the monies consumers paid to Spirit, despite not delivering any benefit of the bargain to consumers.

18. The Shortcut Boarding Contract Spirit entered into with Plaintiffs and other similarly situated consumers is a separate and distinct agreement, and charge, from Plaintiffs' Spirit Airlines Contract of Carriage.

19. The Contract of Carriage governs Spirit customers' flight reservation, flight fare, refusal of guests, acceptance of children, baggage, schedule changes, delayed flights, canceled

flights, denied boarding, refunds, non-revenue guests, tarmac delay plan, and guest service plan. Nowhere in the Contract of Carriage is the Shortcut Boarding contract incorporated by reference. **Exhibit A.**

20.     Paragraph 13.2 of Spirit's Contract of Carriage titled "No Class Action," which prohibits class actions brought pursuant to Spirit's Contract of Carriage, is inapplicable to the "Shortcut Boarding" contract between Plaintiffs and Spirit because the Shortcut Boarding contract between Spirit and Plaintiffs was separate and distinct from the Contract of Carriage.

21.     Further, Florida courts have recognized that prohibitions on class actions are inconsistent with the purposes of the Florida Deceptive and Unfair Trade Practices Act

### B.      The Airline Deregulation Act

22.     The Airline Deregulation Act ("ADA") preemption clause stops states from imposing their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a term that the airline itself stipulated. This distinction between what the States dictate and what the airline itself undertakes confines courts, in breach of contract actions, to the party's bargain, with no enlargement or enhancement based on state laws or policies external to the agreement.

23.     Here, Spirit dishonored the Shortcut Boarding contract agreement that it offered and stipulated to with Plaintiffs and that was a separate agreement from Spirit's Contract of Carriage with Plaintiffs, therefore, the ADA does not preempt Plaintiffs' state law claims.

### V.      Class Action Allegations

24.     Plaintiffs seek to bring this case as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed classes are defined as follows:

>   **Online Class:** All persons within the United States who,

according to Spirit Airline's records, purchased the Shortcut Boarding option from www.spirit.com after April 1, 2020, for a specific date at a participating airport location and were not afforded the priority boarding privileges for which they contracted and paid, within the applicable limitations period.

**Staffed Kiosk Class:** All persons within the United States who, according to Spirit Airline's records, purchased Shortcut Boarding from a Spirit staffed airport kiosk and were not afforded the priority boarding privileges for which they contracted and paid, within the applicable limitations period.

**Electronic Kiosk Class:**

All persons within the United States who, according to Spirit Airline's records, purchased Shortcut Boarding from a Spirit electronic airport kiosk and were not afforded the priority boarding privileges for which they contracted and paid, within the applicable limitations period.

Collectively, the Classes are referred to herein as the "Class." Expressly excluded from the Class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Spirit and any entity in which Spirit has a controlling interest, or which has a controlling interest in Spirit, and its legal representatives, assigns and successors; and (c) all persons who properly execute and file a timely request for exclusion from the Class.

25. Plaintiffs reserve the right to amend the Class definitions if further investigation and discovery indicates that the Class definitions should be narrowed, expanded, or otherwise

modified. Because Spirit is headquartered in Florida, its unfair and deceptive practices complained of herein were developed and orchestrated from its headquarters in Florida and Florida law should apply to all claims of all class members regardless of where they are located.

### Rule 23(a) Criteria

26. **Numerosity.** Spirit's scheme has harmed and continues to harm consumers. The members of the proposed Class are so numerous that joinder of all members is impracticable.

27. The exact number of Class members is unknown as such information is in the exclusive control of Spirit. However, due to the nature of the trade and commerce involved, Plaintiffs believe the Class consists of easily thousands of consumers, geographically dispersed throughout the United States and within the state of Florida, making joinder of all Class members impracticable.

28. **Commonality.** Common questions of law and fact affect the right of each Class member and common relief by way of damages is sought for Plaintiffs and Class members.

29. The harm that Spirit has caused or could cause is substantially common and uniform with respect to Class members. Common questions of law and fact that affect the Class members include, but are not limited to:

    (a) Whether Spirit contracted to provide a non-existing Shortcut Boarding service into the stream of commerce in Florida and other states;

    (b) Whether Spirit was unjustly enriched by the sale of Shortcut Boarding in instances where it knew that it could not or would not provide that service;

    (c) Whether Spirit knew, or should have known, that it would not or could not provide the Shortcut Boarding services it sold;

(d) Whether Spirit engaged in fraudulent, false, deceptive and /or misleading misconduct with respect to charging and collecting for Shortcut Boarding at locations where Spirit did not or could not provide that service;

(e) Whether Spirit omitted material information when it advertised, marketed, and sold Shortcut Boarding; and

(f) Whether the members of the Class have sustained damages and, if so, the proper measure of such damages.

30. **Typicality.** The claims and defenses of the representative Plaintiffs are typical of the claims and defenses of the Class. Each named Plaintiff purchased the Shortcut Boarding option in the manner described herein and shall represent those class members that purchased through the same avenue. The claims of the named Plaintiffs are the same as the claims of similarly situated class members who also purchased the Shortcut Boarding option for Fort Lauderdale-Hollywood International Airport or other locations where the service was not available.

31. **Adequacy of Representation.** The representative Plaintiffs will fairly and adequately assert and protect the interests of the Class:

(a) Plaintiffs have hired attorneys who are experienced in prosecuting class action claims and who will adequately represent the interests of the class; and

(b) Plaintiffs have no conflict of interest between themselves and the class members they seek to represent that will interfere with the maintenance of this class action.

**Rule 23 (b) Criteria**

32. A class action provides a fair and efficient method for the adjudication of this controversy for the following reasons:

    (a) The common questions of law and fact set forth herein predominate over any questions affecting only individual Class members;

    (b) While the Class is so numerous as to make joinder impractical, the Class is not so numerous as to create manageability problems. There are no unusual legal or factual issues that would create manageability problems;

    (c) Upon information and belief, Spirit is responsible for selling Shortcut Boarding at Fort Lauderdale-Hollywood International Airport where the service is not provided, making this forum appropriate for the litigation of the claims of the entire Class; and

    (d) The claims of the individual Class members are small in relation to the expenses of litigation, making a Class action not only superior to other available options, but the only procedural method of redress in which Class members can, as a practical matter, recover.

### VI.   Causes of Action

**COUNT I**
**Breach of Contract**
**(On Behalf of Online Class)**

33. Plaintiffs repeat and re-allege paragraphs 1 through 32 as if set forth herein in full.

34. In or around December 14, 2020, Plaintiffs contracted with Spirit for Shortcut Boarding on www.spirit.com.

35. Plaintiffs Pochiro and Kuhns' priority boarding contracts were separate and

distinct from their Spirit Contract of Carriage. The terms and conditions of the Contract of Carriage do not apply to the Plaintiffs and Class members' Shortcut Boarding contracts.

36. Plaintiffs Pochiro and Kuhns' and Class members performed all conditions precedent to filing this action.

37. Plaintiffs Pochiro and Kuhns' and Class members' Shortcut Boarding contract promised the ability to board in Zone 2, ahead of other passengers and without having to wait in a general boarding line.

38. Spirit breached the Shortcut Boarding contract with Plaintiffs Pochiro, Kuhns, and Class members because Spirit did not provide the Shortcut Boarding privileges for which the Plaintiffs and Class members contracted.

39. Plaintiffs and Class members received no benefit from the Shortcut Boarding contract.

40. As a direct and proximate result of Spirit's breach, Plaintiffs Pochiro, Kuhns, and Class members were harmed when they paid for Shortcut Boarding but were not afforded the benefit for which they contracted.

WHEREFORE, Plaintiffs, individually and on behalf of the Class, seek judgment from Spirit for damages as set forth in the prayer for relief below.

## COUNT II
### Violation of the Florida Deceptive and Unfair Trade Practices Act
### FLA. STAT. § 501.201, *et seq.*
### (On Behalf of the National Class)

41. Plaintiffs repeat and re-allege every allegation in paragraphs 1 through 32 above, as if set forth herein in full.

42. Plaintiffs and Class members are "consumers" within the meaning of Fla. Stat. § 501.203(7) because they are individuals.

43. Spirit was engaged in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8) because they were offering and advertising the Shortcut Boarding service.

44. Spirit is headquartered in Florida and, on information and belief, it operates its callcenter and online purchasing software from within the State of Florida. It also collects funds from Shortcut Boarding sales within the State of Florida.

45. Spirit entered into contracts to provide Shortcut Boarding to Plaintiffs at a time when it knew that it would not or could not provide that benefit yet retained the monies Plaintiffs paid pursuant to the contract.

46. Spirit's conduct constitutes unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices within the meaning of Fla. Stat. § 501.204, et seq. because there was no designated Shortcut Boarding available at the Fort Lauderdale-Hollywood International Airport or other airports serviced by Spirit for the flights in which class members booked and paid for Shortcut Boarding.

47. As described above, Plaintiffs purchased Spirit's Shortcut Boarding in reliance on Spirit's false statements and omissions. A reasonable consumer would understand the Shortcut Boarding contract to mean that a purchaser would be permitted to board early, in Zone 2 as set forth on his or her confirmation and boarding pass.

48. Because Spirit charged a discrete fee for the Shortcut Boarding option, Spirit caused Plaintiffs' injuries, which can be measured with specificity from the cost of the Shortcut Boarding contract.

49. As a result of Spirit's misrepresentations, Plaintiffs suffered actual damages within the meaning of Fla. Stat. § 501.211, because the Shortcut Boarding contract service that Plaintiffs purchased was not provided.

WHEREFORE, Plaintiffs, individually and on behalf of the Class, seek judgment from Spirit for damages as set forth in the prayer for relief below.

## COUNT III
### Unjust Enrichment
**(On Behalf of the National Class)**

50. Plaintiffs hereby restate the allegations of Paragraphs 1 through 49 above and incorporate them here as if fully rewritten.

51. Plaintiffs and the Class have conferred substantial benefits on Spirit by purchasing Shortcut Boarding, and Spirit has knowingly and willingly accepted and enjoyed these benefits.

52. Spirit either knew or should have known that the payments rendered by Plaintiffs and the Class were given and received with the expectation that a designated Shortcut Boarding line would be provided as represented and contracted for. For Spirit to retain the benefit of the payments under these circumstances is inequitable.

53. Spirit, through misrepresentations, intentional omissions, or other business practices in connection with the advertising, marketing, promotion, and sale of Shortcut Boarding reaped benefits, which resulted in Spirit's wrongful receipt of payments for a service that was not provided.

54. Equity demands disgorgement of Spirit's ill-gotten gains. Spirit will be unjustly enriched unless Spirit is ordered to disgorge those profits for the benefit of Plaintiffs and the Class.

55. As a direct and proximate result of Spirit's wrongful conduct and unjust enrichment, Plaintiffs and the Class are entitled to restitution from an institution of a constructive trust disgorging all profits, benefits, and other compensation obtained by Spirit.

WHEREFORE, Plaintiffs, individually and on behalf of the Class, seek judgment from Spirit for damages as set forth in the prayer for relief below.

## VII. Prayer for Relief

WHEREFORE, Plaintiffs pray that this case be certified and maintained as a class action and for judgment to be entered against Defendant Spirit as follows:

A. Enter an order certifying the proposed Classes, designating Plaintiffs as the Class representatives, and designating the undersigned as Class counsel;

B. Declare that Spirit is financially responsible for notifying all Class members of the problems with Shortcut Boarding at certain locations;

C. Declare that Spirit must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of non-existing Shortcut Boarding or order Spirit to make full restitution to Plaintiffs and the members of the Class;

D. For economic and compensatory damages on behalf of Plaintiff and all members of the Class;

E. For actual damages sustained;

F. For punitive or exemplary damages;

G. For injunctive and declaratory relief;

H. For reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action pursuant to the FDUTPA; and

I. For such other and further relief as this Court deems just and appropriate.

## **Jury Demand**

Plaintiffs hereby demand a trial by jury on all issues so triable.

                                                                                   **Respectfully submitted,**

Dated: June 29, 2021                      */s/   Joshua H. Eggnatz, Esq*
                                                                                   Joshua H. Eggnatz, Esq.
                                                                                   Fla. Bar No.: 0067926
                                                                                   Michael J. Pascucci, Esq.
                                                                                   Fla. Bar. No.: 83397
                                                                                   **EGGNATZ | PASCUCCI**
                                                                                   7450 Griffin Road
                                                                                   Davie, FL 33314
                                                                                   Tel:     (954) 889-3359
                                                                                   Fax:    (954) 889-5913
                                                                                   Mpascucci@JusticeEarned.com
                                                                                   JEggnatz@JusticeEarned.com


                                                                                   Jay R. Carson, Esq.
                                                                                   *To be admitted Pro Hac Vice*
                                                                                   WEGMAN HESSLER
                                                                                   6055 Rockside Woods Blvd., Suite 200
                                                                                  Cleveland, OH 44131
                                                                                  Tel: (216) 642-3342
                                                                                  Fax: (216) 642-8826
                                                                                  JRCarson@WegmanLaw.com

                                                                                   *Attorneys for Plaintiff*